```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MARIE BEGANSKAS,                          :
                           Plaintiff,     :
                                          :        **ORDER ADOPTING**
                                          :     **REPORT AND RECOMMENDATION**
                                          :          03-CV-0287 (DLI) (JO)
           -against-                      :          04-CV-5693 (DLI) (JO)
                                          :
TOWN OF BABYLON, et al.,                  :
                                          :
                           Defendants.    :
----------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Marie Beganskas ("Beganskas") brought suit against the Town of Babylon ("Town"), the County of Suffolk ("County") and several individual Town and County officials and employees alleging that defendants violated her constitutional rights when they attempted to enforce provisions of the Babylon Town Code governing the storage of waste on private property. *See* Babylon, N.Y. Town Code ch. 133, §§ 1-37 (1995). Plaintiff also raised several state law claims against the defendants based on the same factual allegations. Defendants moved for summary judgment on all of the federal claims brought against them pursuant to Fed. F. Civ. P. 56. By order dated March 22, 2006, this court referred the motion to U.S. Magistrate Judge ("MJ") James Orenstein who issued a Report and Recommendation ("R&R"), dated August 8, 2006, recommending that this court grant defendants' motion for summary judgment and decline to exercise pendent jurisdiction over plaintiff's state-law claims. Plaintiff filed timely objections to the R&R on August 18, 2006. The court incorporates herein the summary of facts as set forth in MJ Orenstein's R&R. For the reasons set forth below, the court adopts the R&R in its entirety.

**Discussion**

When reviewing a magistrate judge's report, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *United States v. Raddatz,* 447 U.S. 667, 673-76 (1980). The district judge to whom the case is assigned shall consider such objections and shall adopt, modify, or set aside the magistrate judge's report. *Id.*

1. Applicability of the Babylon Town Code

Plaintiff's objects that the Babylon Town Code's provisions governing solid waste management did not apply to her because she subjectively did not regard the property as "trash." (*See* Pl. Objections at 1.) The court first notes that the Town never actually removed any item from Beganskas's property because plaintiff cleared the property herself in advance. (*See* Town Stmt. ¶ 20; Pl. Stmt. 1 ¶ 20; Beganskas Dep. at 45-49.) Therefore, the plaintiff has failed to raise a question of fact as to whether she suffered a constitutional injury as a result of a Town official's actions or a Town policy.

Furthermore, even if the Town officials had removed plaintiff's property, a plain reading of the Code reveals that their actions clearly would have been justified given that plaintiff stored a number of prohibited items outdoors on her property including plastic containers, wood, metal, bicycles, dishes, garden tools, a boat, construction materials, and firewood on her property. (Pl. Stmt. 1 ¶ 7; Pl. Stmt. 2 ¶ 6.) The Babylon Town Code authorizes the Town to serve a written notice on property owner requiring the condition violating the Town Code be removed on or before five days after the mailing of the notice. If the condition is not remedied, it further authorizes Town representatives to enter the property and remedy the condition with the associated costs assessed

against the property. *See* Babylon, N.Y. Town Code ch. 133 § 27B(2) (1995).

2. <u>Constitutionality of the Babylon Town Code</u>

Plaintiff next argues that the Town Code is unconstitutional under Article III section 13 of the New York State Constitution because the Code does not contain an enactment clause.[1] (*See* Pl. Objections at 1-2.) Plaintiff's argument fails, however, because the Babylon Town Code is a town ordinance, not a state law promulgated by the New York State Assembly. Moreover, the Code does not violate the enactment clause because New York Town Law section 198 states "the town board of every town . . . shall have authority to and may exercise the following powers . . . [such as] adopt from time to time ordinances, rules and regulations for the collection of garbage, ashes, rubbish and other waste matter . . . ." N.Y. Town Law § 198(9) (McKinney 2000). Furthermore, the court notes that plaintiff raises this claim for the first time in her objections to the R&R. While plaintiff is entitled to a *de novo* review of the recommendations to which she objected, *see Matthews v. Weber,* 423 U.S. 261 (1976), plaintiff is not entitled to a *de novo* review of an argument never before raised. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 352 (S.D.N.Y. 2006). Otherwise, "it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments." *Abu-Nassar v. Elders Futures, Inc.,* 1995 WL 445638 at *5, n. 2, (S.D.N.Y. Aug. 17, 1994).

3. <u>Fourth Amendment Claim</u>

Plaintiff next objects to the portion of MJ Orenstein's R&R finding that the visit of Andrew Golddapper, a Suffolk County Department of Health Services employee, to plaintiff's house in

---

[1] Section 13 of the New York State Constitution states "the enacting clause of all bills shall be 'The People of the State of New York, represented in Senate and Assembly, do enact as follows,' and no law shall be enacted except by bill." N.Y. Const. Art. III, §13.

3

December 2002 did not constitute a warrantless search of her property. (*See* R&R p. 18-20.) The court finds no merit to plaintiff's objections.

The Supreme Court has held that "administrative searches by municipal health and safety inspectors constitute significant intrusions upon Fourth Amendment interests, and such searches, when conducted without a warrant, lack traditional safeguards which the Fourth Amendment guarantees to individuals." *Camara v. Mun. Ct. of S.F.,* 387 U.S. 523, 534 (1967). However, the present case is distinguishable from *Camara* because Golddapper's actions, as the MJ found, did not amount to an administrative search under the Fourth Amendment.

A Fourth Amendment search occurs when the "government violates a subjective expectation of privacy that society recognizes as reasonable." *Kyllo v. United States,* 533 U.S. 27, 33 (2001) (citing *Katz v. United States,* 389 U.S. 347, 361 (1967)). Society does not regard as reasonable a person's subjective expectation of privacy to that which he knowingly exposes to the public. *See Katz,* 389 U.S. at 351. For instance, the "route which any visitor to a residence would use," such as along a driveway or walkway, is not private in the Fourth Amendment sense. *See United States v. Reyes,* 283 F.3d 446, 465 (2d Cir. 2002) (quoting 1 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 2.3(e), at 499 (3d ed. 1996) (footnotes omitted)). A mere "visual observation" of an object already exposed to public view is no search at all. *Palmieri v. Lynch,* 392 F.3d 73, 81 (2d Cir. 2004).

Unlike the inspector in *Camara* who sought entry into a private dwelling, Golddapper never sought entry, much less entered, into plaintiff's private dwelling or fenced back yard. Rather, his visit was limited to areas that any visitor would use given that he merely walked around the perimeter of her front yard and up her driveway to the front door where he looked through a window

4

into her home. *(See* P. Stmt. 2 ¶¶ 9-14; County Stmt. ¶¶ 9-14.) Plaintiff's contention that, by posting a "No Trespassing" sign in her front yard, she exhibited a subjective expectation of privacy thereby entitling her to Fourth Amendment protections is unfounded. (*See* Pl.'s Objections at 8.) Even assuming plaintiff had a Fourth Amendment interest given the "No Trespass" sign, Golddapper's "visual observation" along a route any visitor would use did not constitute a search for Fourth Amendment purposes. *See Palmieri,* 392 F.3d at 81. Finally, considering that Golddapper was responding to complaints about rats in the area, his minimal intrusion onto plaintiff's property is outweighed by the important governmental interest of protecting public health. *See Bd. of Educ. Of Indep. School Dist. No. 92 Pottawatomie County v. Earls,* 536 U.S. 822, 829 (2002) ("[w]e generally determine the reasonableness of a search by balancing the nature of the intrusion on the individual's privacy against the promotion of legitimate governmental interests.").

Accordingly, MJ Orenstein's recommendation to grant defendant Golddapper's motion for summary judgment with respect to his actions as an individual is adopted. MJ Orenstein's recommendation to grant the County's motion for summary judgment is also adopted because Golddapper's conduct alone served as the basis for including the County as a defendant.

## Conclusion

After a *de novo* review of those portions of the R&R to which Beganskas objects, the court overrules plaintiff's objections and adopts Judge Orenstein's R&R in its entirety. Defendants' motion for summary judgment is granted and the above-captioned actions dismissed without costs to either party.

SO ORDERED.

DATED: Brooklyn, New York
September 19, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge